UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:11-cr- 80-Orl-35GJK

CHRISTOPHER M. PALADINO

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, CHRISTOPHER M. PALADINO, and the attorneys for the defendant, Richard Canina, Esq., and James G. Kontos, Esq. mutually agree as follows:

A.   **Particularized Terms**

   1.   Count Pleading To

   The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.

   2.   Maximum Penalties

   Count One carries a maximum sentence of 20 years imprisonment, a fine of $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100 to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the

Defendant's Initials _____   AF Approval _____

offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

First: That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and

Second: That the defendants, knowing the unlawful purpose of the plan, joined it.

4. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials    2

6. <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. §§ 3663A(a) and (b), defendant agrees to make full restitution to JP Morgan Chase Bank; ABN Amro/Citimortgage; Wells Fargo Bank, N.A.; and SunTrust Mortgage.

7. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials    3

8.  Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9.  Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which

Defendant's Initials _____   4

defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then

Defendant's Initials _____          5

the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

**B.     Standard Terms and Conditions**

   1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials          6

2. <u>Supervised Release</u>

The defendant understands that the offenses to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

Defendant's Initials _____    7

4.  Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5.  Defendant's Waiver of Right to Appeal and
    Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence

Defendant's Initials _____    8

exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature

Defendant's Initials _____    9

of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

Defendant's Initials _____  10

## FACTS

On or about December 4, 2006, in connection with the purchase of a property located at 1883 Sarno Rd., Melbourne, Florida, co-defendant Patrick M. Micheletti, Jr. (Micheletti) signed a pre-approved loan application containing false employer and income information using a business contact and information provided by defendant CHRISTOPHER M. PALADINO (PALADINO), and falsely represented the property as his primary residence. The loan was funded by Chase Bank USA, N.A., a federally insured financial institution, in the amount of $182,700. That same day the excess loan proceeds obtained from the closing on the property located at 1883 Sarno Rd., Melbourne, Florida, were transmitted via a wire transfer in interstate commerce and deposited in a bank account under the control of both PALADINO and Micheletti. The funds were used by PALADINO and Micheletti for personal expenses and for repair and renovations to this property and the other properties described herein. Approximately $15,450 was expended by PALADINO and Micheletti for repairs and renovations to this property. PALADINO and Micheletti made payments on the mortgage on this property from December 2006 through February 2008.

On or about December 7, 2006, in connection with the purchase of a property located at 1523 Albert Drive, Melbourne, Florida, Micheletti signed a pre-approved loan application containing false employer and income information using a business contact and information provided by PALADINO, and falsely represented the property as his primary residence. The loan was funded by ABN Amro Mortgage Group, Inc. a subsidiary of ABN Amro Bank, a federally insured financial institution, in the amount of $147,200. That same day the excess loan proceeds obtained from the closing on the

Defendant's Initials _____          11

property located at 1523 Albert Drive, Melbourne, Florida, were transmitted via a wire transfer in interstate commerce and deposited in a bank account under the control of both PALADINO and Micheletti. The funds were used by PALADINO and Micheletti for personal expenses and for repair and renovations to this property and the other properties described herein. Approximately $24,450 was expended by PALADINO and Micheletti for repairs and renovations to this property. PALADINO and Micheletti made payments on the mortgage on this property from December 2006 through July 2008.

On or about December 27, 2006, in connection with the purchase of a property located at 1009 Wilson Street, Melbourne, Florida, Micheletti signed a pre-approved loan application containing false employer and income information using a business contact and information provided by PALADINO, ~~and falsely represented the property as his primary residence~~. The loan was funded by JP Morgan Chase Bank USA, N.A., a federally insured financial institution, in the amount of $144,000. That same day the excess loan proceeds obtained from the closing on the property located at 1009 Wilson Street, Melbourne, Florida, were transmitted via a wire transfer in interstate commerce and deposited in a bank account under the control of both PALADINO and Micheletti. The funds were used by PALADINO and Micheletti for personal expenses and for repair and renovations to this property and the other properties described herein. Approximately $15,700 was expended by PALADINO and Micheletti for repairs and renovations to this property. PALADINO and Micheletti made payments on the mortgage on this property from December 2006 through February 2008.

On or about February 1, 2007, in connection with the purchase of a property located at 1311 Whitehurst Rd., Palm Bay, Florida, Micheletti signed a pre-approved

Defendant's Initials _____                12

loan application containing false employer and income information using a business contact and information provided by PALADINO, and falsely represented the property as his primary residence. The loan was funded by Wells Fargo Bank, N.A., a federally insured financial institution, in the amount of $198,900. That same day the excess loan proceeds obtained from the closing on the property located at 1311 Whitehurst Rd., Palm Bay, Florida, were transmitted via a wire transfer in interstate commerce and deposited into a bank account under the control of both PALADINO and Micheletti. The funds were used by PALADINO and Micheletti for personal expenses and for repair and renovations to this property and the other properties described below. Approximately $74,975 was expended by PALADINO and Micheletti for repairs and renovations to this property. PALADINO and Micheletti made payments on the mortgage on this property from February 2007 through July 2008.

On or about May 7, 2007, in connection with the purchase of a property located at 1109 Kenmore, Street, Melbourne, Florida, Micheletti signed a pre-approved loan application containing false employer and income information using a business contact and information provided by PALADINO, and falsely represented the property as his primary residence. The loan was funded by Suntrust Mortgage, Inc., a subsidiary of Suntrust Bank, a federally insured financial institution, in the amount of $180,500. That same day the excess loan proceeds obtained from the closing on the property located at 1009 Wilson Street, Melbourne, Florida, were transmitted via a wire transfer in interstate commerce and deposited into a bank account under the control of both PALADINO and Micheletti. The funds were used by PALADINO and Micheletti for personal expenses and for repair and renovations to this property and the other

Defendant's Initials _____          13

properties described below. Approximately $41,800 was expended by PALADINO and Micheletti for repairs and renovations to this property. PALADINO and Micheletti made payments on the mortgage on this property from May 2007 through May 2008.

On or about August 27, 2007, in connection with the purchase of a property located at 1398 Hazel Street, Palm Bay, Florida, a person known by the initials T.P., and acting as a straw purchaser, signed a pre-approved loan application at the direction of PALADINO and Micheletti, which falsely indicated that the property was to be held as a primary residence and also contained false bank account asset information. The loan was funded by JP Morgan Chase Bank, N.A., a federally insured financial institution, in the amount of $180,000. That same day the excess loan proceeds obtained from the closing on the property located at 1398 Hazel Street, Palm Bay, Florida, were transmitted via a wire transfer in interstate commerce and deposited into a bank account under the control of both PALADINO and Micheletti. The funds were used by PALADINO and Micheletti for personal expenses and for repair and renovations to this property and the other properties described below. Approximately $75,900 was expended by PALADINO and Micheletti for repairs and renovations to this property. PALADINO and Micheletti made payments on the mortgage on this property starting in August 2007.

On or about August 25, 2008, the property located at 1883 Sarno Rd., Melbourne, Florida, went into foreclosure.

On or about November 21, 2008, the property located at 1311 Whitehurst Rd., Palm Bay, Florida, went into foreclosure.

On or about December 1, 2008, the property located at 1009 Wilson Street,

Defendant's Initials _____                14

Melbourne, Florida, went into foreclosure.

On or about February 2, 2009, the property located at 1523 Albert Drive, Melbourne, Florida, went into foreclosure.

On or about December 3, 2009, the property located at 1109 Kenmore Street, Palm Bay, Florida, went into foreclosure.

On or about April 12, 2010, the property located at 1398 Hazel Street, Palm Bay, Florida, went into foreclosure. Efforts are being made presently to bring this property out of foreclosure.

10. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials              15

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _11_ day of _MARCH_, 2011.

_____  
CHRISTOPHER M. PALADINO  
Defendant

_____  
Richard Canina, Esq.  
Attorney for Defendant

_____  
James G. Kontos, Esq.  
Attorney for Defendant

ROBERT E. O'NEILL  
United States Attorney

By: _____  
Bruce S. Ambrose  
Assistant United States Attorney

_____  
Carlos A. Perez-Irizarry  
Assistant United States Attorney  
Chief, Orlando Division

Defendant's Initials _____          16